IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS J. HOOKS,<br><br>    Petitioner,<br><br>  vs.<br><br>WARDEN OF AVENAL STATE PRISON,<br><br>    Respondent. | No. C 07-3604 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at Avenal State Prison in Avenal, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. The petition was initially filed in the United States District Court for the Eastern District of California and was transferred to this Court on July 12, 2007. Petitioner previously filed a motion to proceed *in forma pauperis* in which is now DENIED, because Petitioner has adequate funds to pay the $5.00 filing fee. Petitioner must pay the filing fee within thirty days from the date of this order or this action will be dismissed. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was sentenced to 10 years in state prison after a jury trial in Santa Clara County Superior Court for conviction on charges of insurance

fraud and on another case. Petitioner appealed his conviction to California Court of Appeal. Petitioner also filed a petition for review in the Supreme Court of California. The instant federal habeas petition was filed on June 21, 2007.

## DISCUSSION

I     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

The petition raises the following ground for relief: 1) the trial court denied Petitioner his right to present a defense by excluding evidence of insurance industry practices; 2) the court's failure to provide accurate instructions on the elements of the crime violated Petitioner's rights under the Fifth, Sixth and Fourteenth Amendments; 3) trial counsel was ineffective under the Sixth Amendment; and 4) cumulative error. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his claims. Accordingly, Respondent is ordered to respond to the petition as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner must pay the filing fee within thirty days from the date of this order. Failure to do so will result in dismissal of this action.

2. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of

2

the State of California. The Clerk also shall serve a copy of this order on Petitioner.

      3. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

      4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

      5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

      IT IS SO ORDERED.

DATED: <u>November 20, 2007</u>

                                            JEFFREY S. WHITE
                                            United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS J. HOOKS,<br><br>    Plaintiff,<br><br>  v.<br><br>WARDEN OF AVENAL STATE PRISON et al,<br><br>    Defendant. | Case Number: CV07-03604 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 20, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marcus J. Hooks
P.O. Box Avenal
T89927
Avenal, CA 93204

Dated: November 20, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk