Marcus James Hooks
T-89927
Avenal State Prison
P.O. Box 9
Avenal, California  93204
In Pro Per



FILED
FEB 27 PM 1:27

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCUS JAMES HOOKS<br>　　　　Petitioner<br><br>v.<br><br>WARDEN OF AVENAL STATE PRISON<br>　　　　Respondent | C C7-3604 JSW (PR)<br>DENIAL AND RESPONSE TO THE<br>ANSWER TO THE ORDER TO SHOW<br>CAUSE AND THE MEMORANDUM OF<br>POINTS AND AUTHORITIES IN<br>SUPPORT THEREOF. |

Petitioner hereby enters his denial and response to the Answer to the Order to Show Cause in the above action, and states:

### EXCEPTION

Respondent has failed to set forth sufficient facts or law to show cause why the relief prayed for in the petition should be granted.

### DENIAL
### I.

Petitioner denies the Respondent's claim that the state court's ruling were not based on an unreasonable determination of the facts or were contrary to or involved an unreasonable application of

i.

clearly established United States Supreme Court Law. Petitioner specifically denies the Respondents assertion of these claims:

## II.

Petitioner denies the Respondents assertion that the trial court excluding evidence of insurance industry practices is without merit also petitioner asserts that the issue before the court is not whether petitioner knowingly caused a false insurance claim to be prepared and submitted by purchasing insurance after the accident that was the subject of his claim, as the Respondent asserts; but rather the issue is whether petitioner knowingly presented or caused any false or fraudulent claim for the payment of a loss or injury.

## III.

Concerning claim two, petitioner denies the respondents claim that the trial court failed in its duty to instruct on mistake negating the specific intent to commit fraud is without merit; also petitioner contends that the State Court of Appeals decision is a unreasonable determination of the facts before the court.

## IV.

Concerning claim three, petitioner denies the Respondent's claim that petitioner's ineffective assistance of counsel claim is without merit; also petitioner asserts that the Court of Appeal!s decision is an unreasonable application of clearly established U.S. Supreme Court law in Strickland v. Washington.

## V.

Concerning claim four, petitioner denies the Respondent's claim assertion that the cumulative error claim is without merit; also petitioner asserts that the State Court of Appeals decsion to this issue is based upon an unreasonable determination of the facts

1 | before it.

## CONCLUSION

Except as expressly admitted above, petitioner denies each and every allegation of the respondent's return.

Dated:

                                              Respectfully submitted,

                                              _____
                                              Marcus James Hooks

iii.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE RESPONSE TO THE ANSWER TO THE
ORDER TO SHOW CAUSE

In its return to the order to show cause respondent asserts that claim one is without merit because petitioner has failed to show that the state appellate court made an objectively unreasonable application of clearly established United States Supreme Court precedent or that the state appellate court decision was based upon an unreasonable determination of the facts.

Referencing the State Court of Appeal's decision, the respondent notes the court found that the trial court's exclusion of the pro-offered expert testimony was not error under state law because the evidence was not relevant to the charges against petitioner and was largely cumulative of other evidence. Respondent contends that expert witness testimony regarding insurance industry practices would not have shown that petitioner did not knowingly cause a false insurance claim to be prepared and submitted by purchasing insurance after the accident that was the subject of his claim.

Petitioner contends that the Court of Appeals decision that the exclusion of the proffered expert testimony was not error because the evidence was not relevant to the charges against petitioner was, "based on an unreasonable determination of the facts in light of evidence presented," in state court 28 U.S.C. sec. 2254(d). Petitioner further contends that the Respondent's claim that the issue is whether petitioner knowingly caused a false insurance claim to be prepared and submitted by purchasing insurance after the the accident, was not the ultimate issue at trial. The ultimate issue at trial for count two was whether appellant "knowingly

1.

presented or caused any false or fraudulent claim for the payment of a loss or injury, including...under a contract of insurance,'" either directly or as an aider or abettor. Penal Code sec. 550 subd. (a)(1). The issue for count three was whether he knowingly prepared made, or subscribed any writing with the intent to present or use it, to allow it tobe presented, in support of any false or fraudulent claim," Penal Code sec. 550, subd. (a)(5). Here the prosecution needed to prove appellant failed to present accurate information knowing it was false, with the specific intent to obtain money that he was not entitled to recieve. Under California law, the "specific intent to defraud requires both knowledge of the true facts and an intent to deceive, it is impossible for the defendant to have intended to defraud the insurance company by presenting a false claim, and to have done so unknowingly,'" People v. Booth (1996) 48 Cal. App. 4th. 1247, 1253.

 Here, while there is evidence that petitioner bought insurance after the accident, there was no evidence that he used that insurance claim to fraudulently obtain a payment claim. In determining whether appellant acted with the intent to defraud when he apparently permitted Herns to request compensation for pain and suffering. The prosecutor argued in closing statement that regardless of whether Herns testified truthfully (that he was misled by appellant) or whether Herns lied (and acted in collusion with petitioner to defraud), appellant was still guilty (3 RT 561-563.) Petitioner's defense theory was that Herns acted in a legally acceptable manner by not accurately accertaining whether appellant was insured before submitting the request for compensation. The trial court excluded relevant evidence in the form of James K. Roberts, who was

2.

a civil litigation attorney and accepted as an expert witness by the court. Roberts would have testified that concerning automobile accidents after the passage of Proposition 213 the burden was placed on insurance companies to prove that a claimant was not insured (2 RT 439-440.) Therefore, it was standard practice of personal injury lawyers in automobile cases to request compensation from insurance companies for pain and suffering. Roberts testimony was relevant to forming a conclusion that Herns did not facilitate a crime by claiming pain and suffering since he did not have the duty to make this legal conclusion; on the contrary, he had the duty to claim pain and suffering until Morrison was able to prove appellant was not insured. Therefore, it was standard practice, if Herns did not knowingly make an affirmative misrepresentation because he simply made the claim and left it for Morrision to determine if petitioner was insured; under this assertion of these facts there would be no fraud. (2 RT 443-445.) The Court of Appeals decision that the trial court's exclusion of the proffered expert testimony was not error because the evidence was not relevant to the charges against him is a decsion based on an unreasonable determination of the facts before the court. Furthermore, not only was the exclusion of evidence as irrelevant, erroneous. But the consequences of excluding the evidence was to deprive appellant of due process, the right to compel witness, and the right to present a defense under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. A criminal defendant is entitled to call witnesses and to present a defense to the charges against him, See Cane v. Kentucky, 476 U.S. 683, 690 (1986) (the state must allow a defendant the opportunity to present a defense.) Washington v. Tex-

3.

as, 388 U.S. 14, 19 (1967) (the state must allow a defendant to present witnesses to the alleged crime.) Petitioner disagrees with the respondants assertion that here, petitioner was not denied the opportunity to present a defense. In fact, petitioner was denied both. As appellant explained in the offer of proof, Roberts would have explained that Herns did not have a duty to determine accurately if appellant were insured at the time of the accident to make a request for compensation for pain and suffering. Instead it was the insurance company's duty to prove a claimant was uninsured. There was a factual basis which made the defense theory relevant. Morrison said that although it became much less common for attorneys to represent claimants who were uninsured, the nature of claims did not change after the passage of Proposition 213 (1 RT 139.) Herns said he did not know if he had spoken with appellant before making the demand (2 RT 272, 276-277.) Although appellant apparently represented to Herns that he was insured the day of the accident, Herns did not attempt to determine what time the insurance went into effect (2 RT 304, 306, 328.) Herns correctly assumed that Morrison allegation in November 2002 that appellant was uninsured was based on an entry in the accident report (1 RT 135) which Herns incorrectly assumed was inaccorate (2 RT 309.) Herns could not say if he told appellant that he needed to have insurance at the time of the accident in order to make the claim Herns forwarded to Morrison (2 RT 313-314.) Appellant did say at one point he did not know he was entitled to receive compensation for pain and suffering (2 RT 314,315.) From this evidence, and from Roberts's testimony, a reasonable jury could have concluded that appellant and Herns did not make any affirmative misrepresentation but that

4.

1  Herns simply forwarded a claim as any civil attorney would and
2  left it for the insurance company to prove whether appellant was
3  entitled to the amount. Further, though appellant was not certain
4  what he was entitled to receive under the law, he reasonably relied
5  on the professional expertise of his attorney. Thus, Roberts's
6  testimony would have supported the legal defense that neither Herns
7  nor appellant had the intent to defraud; that is, neither intended
8  to claim compensation for something he knew appellant was not
9  entitled to receive . The Court of Appeals decision that the
10 evidence of insurance industry practice was not relevant to the
11 charges against petitioner is a objectively unreasonable application
12 of clearly established United States Supreme Court precedent as
13 applied in Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) where
14 the trial court exclusion of evidence relating to the defense
15 theory had an "substantial and injurious effect or influence in
16 determining the jury's verdict' or 'determining petitioner's guilt."

                          Claim two
        THE TRIAL COURT FAILED IN ITS DUTY TO INSTRUCT ON
        MISTAKE NEGATING THE SPECIFIC INTENT TO COMMIT
        FRAUD.

20  Regarding claim two, the respondent argued that it is without
21 merit. Reling on the Court of Appeals decision the respondent notes
22 "The court of appeals found that there was no evidence that
23 petitioner believed his conduct was lawful or that such a belief
24 was held in good faith." Exh. F, 16. In the absence if any evidence
25 to support giving the instruction, the court of appeals found that
26 it was not error to fail to so instruct...The state court's deter-
27 mination that there was insufficient evidence to warrant an instruc-
28 tion is presumed correct under 28 U.S.C. 2254 (e)(1), and    should

                              5.

1  be the final word on the subject.  Petitioner contends that the
2  state court's decision that there was no evidence that petitioner
3  believed his conduct was lawful or that such a belief was held in
4  good faith or that in the absense of any evidence to support giving
5  the instruction there was no error for failure to instruct.  Here,
6  the state appellate court's decision was based upon an unreasonable
7  determination of the facts before the court.  There is substantial
8  evidence that petitioner believed his conduct was lawful or that
9  such belief was held in good faith.  There was evidence that
10 petitioner would not know that he was not entitled to compensation
11 for pain and suffering under Proposition 213.  Herns testified that
12 most people are unaware of the law or its details.  (RT 283.) Herns
13 also said that petitioner at one point stated he did not know that he
14 was entitled to the pain and suffering that Herns was claiming (2 RT
15 314-315).  There was no evidence that Herns or anyone else expained
16 to petitioner what he was legally entitled to receive if he were
17 not insured (2 RT 313-314.)  Petitioner would have reasonably relied
18 on his civil attorney to properly investigate and make a claim.
19 Since there was a significant amount of evidence to support peti-
20 tion's defense that he did not know he was not entitled to the amount
21 claimed, it was reasonably probable that a properly instructed  jury
22 would have found petitioner not guilty of counts two and three.
23 The trial court's failure in its duty to instruct on mistake to
24 negate the specific intent to commit fraud had a substantial in-
25 fluence in determining petitioer's guilt under the Brecht standard,
26 in that, one it removed the specific intent to defraud element from
27 the juries determination an element the prosecutor was required to
28 prove beyond a reasonablw doubt; and two, it failed to instruct the

jury regarding petitioner's defense theory thus precluding the jury from considering the petitioner's defense to the charges against him.

### Claim three
### TRIAL COUNSEL WAS INEFFECTIVE

Concerning claim three, respondent relying on the state court of appeal's decision asserts that, "The state appellate court denied petitioner's claim of ineffective assistance of counsel after reasonably concluding that there was no error from the exclusion of the proffered expert witness testimony regarding insurance insurance industry practices; and that there was no error in the jury instructions, see Exh. F, 16-17. Respondent further noted, "petitioner has failed to show that defense counsel's conduct was outside the range of acceptable representation." Petitioner contends that the state court of appeals denial of petition's Ineffective Assistance of Counsel claim was a clearly unreasonable application of clearly established U.S. Supreme Court precedent within Strickland v. Washington, 466 U.S. 668 (1984).

Here, defense counsel failed to argue that Roberts's testimony was necessary for him to present a defense under the Federal Constitution. He failed to object to jury instructions on knowledge and the specific intent to defraud or to request an instruction stating that making a claim for compensation to which the petitioner did not know he was entitled was not illegal. Assuming the court lacked suffient information to trigger its duty to act as required by law, then trial cousel rendered ineffective assistance of counsel. If trial counsel's motion and offer of proof were insufficient or inadequate to alert the court that Roberts's testimony was required

under the Fifth, Sixth, and Fourteenth Amendment then trial counsel was ineffective. Courts seldom fault counsel for failing to pose an objection or to call a witness. The court have recognized, however that counsel has a duty to provide the correct legal grounds in argueing the admissibility of evidence and failure to do so is a basis for a finding of ineffective assistance of counsel, In re Jones (1996) 13 Cal. 4th. 552, 571-573. Here, counsel went through great lengths in arguing that the expert testimony of Roberts should be admitted. There can be no tactical reason for failing to state the correct legal grounds for its admission.

Further, trial counsel had a duty to request instruction which were vital to the defense , United States v. Spain, (9th. cir. 1996) 75 F. 3d. 1383, 1390. Here, trial counsel failed to ensure the jury was properly instructed on how a good faith mistake in law negates the specific intent to defraud .

Appellant must also prejudice; that is, there was a reasonable possibility that but for counsel's errors, the result of the case would have been different, (Strickland, supra, 466 U.S. at 687.) As expained above, the absense of Roberts's testimony and the absense of the instruction of good faith mistake to negate specific intent to defraud was prejudicial under any standard.

### Claim four
### CUMULATIVE PREJUDICE REQUIRES REVERSAL

Finally, the respontent asserts that the cumulative error is without merit. In referencing the court of appeals decision that, "this claim of aggragated error is rejected because there were no errors and no showing that petitioner suffered prejudice." Exh. F, 17-18.) Petitioner contends that the state court of appeals decision

here, is based upon an unreasonable determination of the facts before the court. When some errors violate the federal constitution reversal is required if, with the cumulative effect of all errors, it cannot be shown beyond a reasonable doubt the error did not influence the outcome, see United States v. Rivera, (10th cir. 1990) 900 F. 2d. 1462, 1470, fn. 6 (if any of the errors being aggregated are constitutional in nature,...Chapman should be used...."); Phillips v. Woodford (9th. cir. 2001) 267 F. 3d. 966, 985-986.

Even if the court's exclusion of Roberts's testimony and the failure to properly instruct the jury, did not individually require reversal, their cumulative impact did. As explained above, both errors went to the heart of the defense. Without the expert testimony and without the correct instructions, appellant was unable to present the defense that he did not knowingly make a claim for compensation to which he was not entitled.

## CONCLUSION

Accordingly, for the reasons stated, petitioner respectfully request that the petition be granted.

Dated:

9.

VERIFICATION

I, Marcus James Hooks, state:

I am the petitioner in this action. I have read the foregoing Petition for Writ of Habeas Corpus and the facts stated therein are true of my own knowledge, except as to matters that are therein stated on my own information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 24, 2008, at Avenal State Prison, Avenal, California.

*Marcus Hooks* 2-04-08
MARCUS JAMES HOOKS
PETITIONER

# PROOF OF SERVICE BY MAIL

I THE UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I CAUSED TO BE SERVED A COPY OF THE FOLLOWING DCOUMENT:

ENTITLED: DENIAL AND RESPONSE TO THE ANSWER TO THE ORDER TO SHOW CAUSE AND THE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.

BY PLACING THE SAME IN AN ENVELOPE, SEALING IT BEFORE A CORRECTIONAL OFFICER, AND DEPOSITING IT IN THE [ *UNITED STATES MAIL* ] AT AVENAL STATE PRISON AND ADDRESSEDIT TO THE FOLLOWING:

OFFICE OF THE CLERK
U.S. DISTRICT COURT 1
NORTHERN DISTRICT OF CALIFORNIA
U.S. COURTHOUSE
450mGOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA, 94102-3483

EXECUTED ON _2_, _14_, 20_08_ AT AVENAL STATE PRISON, AVENAL CALIFORNIA

I, Marcus James Hooks, DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

*[signature]*
SIGNITURE OF DECLARANT

*Marcus J. Hooks*
PRINT NAME OF DECLARANT

PRO PER.

# PROOF OF SERVICE BY MAIL

I THE UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I CAUSED TO BE SERVED A COPY OF THE FOLLOWING DCOUMENT:

ENTITLED: DENIAL AND RESPONSE TO THE ANSWER TO THE ORDER TO SHOW CAUSE AND THE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.

BY PLACING THE SAME IN AN ENVELOPE, SEALING IT BEFORE A CORRECTIONAL OFFICER, AND DEPOSITING IT IN THE [ *UNITED STATES MAIL* ] AT AVENAL STATE PRISON AND ADDRESSEDIT TO THE FOLLOWING:

OFFICE OF THE ATTOREY GENERAL
455 GOLDEN STATE AVENUE, SUITE 11000
SAN FRANCISCO, CALIFORNIA  94102-7004

EXECUTED ON _____ 2 _____, 4, 20 08 AT AVENAL STATE PRISON, AVENAL CALIFORNIA

I, Marcus James Hooks   DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

*[signature]*
SIGNITURE OF DECLARANT

*[signature]*
PRINT NAME OF DECLARANT

PRO PER.

Marcus Hooks
T-89987 / 210-2-55 Low
P.O. Box 9
Avenal Ca 93204

"Legal Mail"

AVENAL STATE PRISON

LEGAL MAIL
FEB 2 6 2008
AVENAL STATE PRISON
CONFIDENTIAL

9410 2366 1 0004

Office of The Clerk
U.S District Court
Northern District of Calif
U.S Courthouse
450 Golden Gate Ave
San Francisco Calif 94102

